UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CAROLYN WEBSTER an individual
formerly d/b/a/ AZ-U-WISH CRCC, LLC, a
Domestic Limited Liability Company,

    Plaintiff,

v.

BEAZER HOMES HOLDINGS CORP.,
DOES I - X, inclusive, and ROE
CORPORATIONS X-XX, inclusive,

    Defendants.

2:11-cv-00784-LRH-RJJ

ORDER

Before the court is defendant Beazer Homes Holdings Corp.'s brief demonstrating that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).[1] Doc. #15.[2]

On June 9, 2011, the court entered an order finding that the defendant had failed to establish that removal on the basis of diversity jurisdiction was proper in their petition for removal (Doc. #1) and granted the defendant the opportunity to establish that the amount in controversy between the parties exceeds $75,000, as required by 28 U.S.C. § 1332(a). Doc. #9.

---

[1] 28 U.S.C. § 1332(a) provides that the district courts of the United States shall have original jurisdiction over all civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

[2] Refers to the court's docket

Where, as here, it is not facially evident from the face of the complaint that the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Here, defendant Beazer Homes contends that the amount in controversy requirement is met because, prior to instituting this action for breach of contract, plaintiff Carolyn Webster sent two demand letters to Beazer Homes for $151,378.00 and $148,863.30 in damages arising out of the same alleged breach of contract. *See* Doc. #15, Exhibits B & C.  The second demand is repetitive, not cumulative, of the first, and any demanded interest and litigation costs must be excluded from the assessment of the amount in controversy.  *See* 28 U.S.C. § 1332(a) ("exclusive of interest and costs").  Nonetheless, the later demand alone, which includes $82,103.20 for unpaid invoices, $13,793.30 for stopped check fees, and $20,000.00 for consequential damages, still exceeds the $75,000 minimum.  A plaintiff's statement of damages is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim and the plaintiff has not attempted to disavow it or offer contrary evidence.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  Therefore, the court finds that defendant has proffered sufficient evidence establishing an amount in controversy greater than $75,000.  Accordingly, the court shall accept defendant's removal of this action and exercise diversity jurisdiction over the complaint.

IT IS THEREFORE ORDERED that defendants' brief concerning removal (Doc. #15) is GRANTED.

IT IS SO ORDERED.

DATED this 14th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE