1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *

9    CAROLYN WEBSTER, an individual,        )
     formerly d/b/a AZ-U-WISH CRCC, LLC, a  )
10   Domestic Limited-Liability Company,    )         2:11-CV-00784-LRH-CWH
                                            )
11              Plaintiff,                   )
                                            )
12    v.                                     )         ORDER
                                            )
13   BEAZER HOMES HOLDINGS CORP., a          )
     Foreign Corporation; DOES I-X, inclusive, )
14   and Roe Corporations X-XX, inclusive,  )
                                            )
15              Defendant.                   )
                                            )
16   _____ )

17          Before the court is Defendant Beazer Homes Holdings Corp.'s Motion to Dismiss (#5[1]).  In

18   response, Plaintiff Carolyn Webster filed an Opposition (#10) and Countermotion for Attorney's

19   Fees and Costs (#13), and Defendant filed a reply (#12) and opposition (#14).

20   **I.      Facts and Procedural History**

21          This is a breach of contract action based on Defendants' alleged failure to pay for work

22   performed under two contracts for construction clean-up services.  It is alleged that Plaintiff

23   Carolyn Webster, an individual, "was formerly, and at all times relevant . . . . , a limited liability

24   company" doing business as AZ-U-WISH CRCC, LLC.  Although it is not expressly stated in the

25

26   _____
                [1]Refers to the court's docket entry number.

1  complaint whether Webster or the LLC was the contracting party, the parties do not dispute and the

2  complaint is reasonably construed to allege that the LLC was the contracting party, not Webster.

3  Nonetheless, the only named plaintiff is Webster individually, not the LLC.

4       Webster filed her complaint on April 18, 2011, alleging three causes of action for breach of

5  contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

6  Defendant subsequently removed the action to this court and now moves to dismiss the complaint

7  on the basis that, under Nevada law, Webster is not a proper party to enforce the claims of an LLC.

8  Webster opposes the motion and counter-moves for attorneys fees and costs.

9  **II.   Legal Standard**

10      Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure

11  12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the

12  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela*

13  *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and

14  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

15  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a

16  pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

17  cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

18  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

19      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

20  accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal

21  quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows

22  the court to draw the reasonable inference, based on the court's judicial experience and common

23  sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility

24  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

25  defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a

26

1  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

2  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

3       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

4  true. *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a

5  formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."

6  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)

7  (alteration in original) (internal quotation marks omitted).  The court discounts these allegations

8  because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the

9  form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to

10 survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

11 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting

12 *Iqbal*, 129 S. Ct. at 1949).

13 **III.    Discussion**

14      Under Nevada law, "[a] member of a limited-liability company is not a proper party to

15 proceedings by or against the company, except where the object is to enforce the member's right

16 against or liability to the company."  NRS § 86.381.  Accordingly, Beazer Homes contends that

17 Webster is not a proper party to enforce the claims of her LLC and is not the real party in interest to

18 prosecute this action, as required by Federal Rule of Civil Procedure 17.

19      Webster does not dispute Beazer Homes' contention that an LLC is an independent legal

20 entity from its members and that the members lack the authority to prosecute claims on the LLC's

21 behalf.  Instead, Webster argues that Nevada law in that respect is irrelevant because the contract

22 claims in this case were assigned to her by the LLC, which she represents is inactive and a revoked

23 entity, although not yet dissolved.  In the alternative, Webster requests leave to amend to include

24 the LLC as a named plaintiff until and during the final step of dissolution.

25      The court finds that Webster's argument is without any factual support in the record.  The

26

complaint contains no allegations referencing any assignment of claims or addressing the status of

the LLC.  The court therefore concludes that on the facts alleged the complaint fails to state a claim

upon which relief may be granted.  Nonetheless, the court will grant Webster's request for leave to

amend.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#5) is GRANTED.

The complaint is hereby DISMISSED without prejudice.  Plaintiff shall have 30 days in which to

file an amended complaint.

IT IS FURTHER ORDERED that Plaintiff's Countermotion for Attorney's Fees and Costs

(#13) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4