UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROLYN WEBSTER, an individual formerly d/b/a AZ-U-WISH CCRC, a sole proprietorship, <br><br> Plaintiff, <br><br> v. <br><br> BEAZER HOMES HOLDINGS CORP.; DOES I-X, inclusive; and ROE CORPORATIONS X-XX, <br><br> Defendants. | 02:11-CV-00784-LRH-CWH <br><br> ORDER |

This is a contract dispute. Defendant Beazer Homes Holdings Corporation ("Beazer") has filed a Motion to Dismiss for Failure to Name an Indispensable Party (#31[1]), and two motions for summary judgment styled Motion for Summary Judgment Regarding Statute of Limitations (#32) and Motion for Summary Judgment (Lack of Evidence of Breach and Damages) (#35). Plaintiff Carolyn Webster has responded to each motion (## 36, 38, 40, respectively), including a Countermotion for Attorney's fees each time,[2] and Beazer has replied (## 41, 43, 44, respectively).

//

---

[1] Refers to the court's docket number.

[2] The countermotion associated with document #36 has been separately docketed as #37.

## I. Facts and Procedural History

Webster owned a sole-proprietorship called AZ-U-WISH CCRC ("AZ-U-WISH"). In early 2005, AZ-U-WISH entered into three contracts with Beazer, a developer, to do construction clean-up at three separate residential construction sites. (Beazer's Motion for Summary Judgment ("MSJ") #32, Ex. B, pp. WEB0034, WEB0065, WEB0071, WEB0074, WEB0087, WEB0120.) Each contract had a "Billing For Extra Work" clause that required Webster to obtain a "purchase order number" from a Beazer employee before she could be paid for non-contract work. (*See, e.g., id*. at Ex. B, p. WEB0052.)

In practice, however, the procedure for getting paid for extra work was less formal. (*Id*. at Ex. D, p. 94:19-25.) Webster created a variety of documents–Field Purchase Orders, Invoices, Additional Work Authorizations, Customer Care Work Orders–whose ultimate purpose was the same: to memorialize the extra work performed so Webster could get paid for it. (*Id*. at Ex. E.) Often, these documents did not have a Beazer-approved purchase order number on them. (*See generally id*. at Ex. E.) In order to figure out how much to charge, Webster compared the invoiced work to itemized checks she received from Beazer for work already performed. (*Id*. at Ex. D, pp. 85-86.)

Webster worked for Beazer until June 2006. (*Id*. at Ex. D, pp. 104-05.) At that point, Webster alleges that she had submitted unpaid invoices in the amount of $82,103.20. (*Id*. at Ex. C, p. 3.) Webster subsequently accrued consequential damages when Beazer stopped payment on a check. (*Id*.)

Webster filed her complaint on April 18, 2011, alleging three claims: breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Beazer removed the action to this court on the basis of diversity. 28 U.S.C. § 1332.

## II. Discussion

Beazer has moved to dismiss the complaint for its failure to join an indispensable party under Federal Rule of Civil Procedure 19. Beazer has also moved for summary judgment, alleging

that the statute of limitations has run and that Webster cannot produce evidence of breach or damages. The court addresses each motion in turn.

**A. Failure to Join under Rule 19**

Beazer has submitted a post-answer motion to dismiss under Rule 12(b)(7). A motion to dismiss under Rule 12(b)(7) "must be made before pleading if a responsive pleading is allowed." Since Beazer filed its motion to dismiss following its answer–a responsive pleading, Fed. R. Civ. P. 7–the motion to dismiss is untimely. However, the court has discretion to treat Beazer's Rule 12(b)(7) motion as a motion to compel joinder under Rule 19. *See Cunningham v. Municipality of Metropolitan Seattle*, 751 F. Supp. 855, 896-97 (W.D. WA 1990).

Under Rule 19, compulsory joinder is not warranted. Beazer argues that AZ-U-WISH CCRC LLC ("the LLC") is an indispensable party to this action, and that failure to join the LLC as plaintiff mandates dismissal. Webster formed the LLC in July 2005, after AZ-U-WISH had signed the contracts with Beazer. (Beazer's Motion to Dismiss #31, Ex. C.) These contracts were not assigned from the sole proprietorship to the LLC. Indeed, the LLC never conducted any business at all. (*Id*. at Ex. D, p. 13:13-17.) For instance, an operating agreement for the LLC was never drafted, nor did the LLC own any bank accounts or debts. (*See, e.g., id*. at Ex. D, p. 15; Ex. I, p. 8.) Though Webster occasionally handwrote "LLC" following AZ-U-WISH CCRC on the invoices she submitted to Beazer, she claims she did it out of inattention and "ignorance about business." (*Id*. at Ex. I, p. 8:10.)

Determining whether a party must be joined under Rule 19 involves a three-step inquiry. *EEOC v. Peabody W. Coal Co.,* 400 F.3d 774, 779 (9th Cir. 2005) (citations omitted). First, under Rule 19(a), the court determines whether the party is "necessary." *Id*. If the court finds that the absent party is a necessary party, the court must then determine whether joinder of the party is feasible. *Id*. Finally, if joinder is not feasible, the court determines whether the case can proceed without the absent party or whether the absent party is an "indispensable" party such that the court must dismiss the action. *Id*. A party is "indispensable" if it cannot be joined and if the action cannot

3

proceed without them. *See Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). And a party cannot be joined where its joinder would destroy diversity jurisdiction. Fed. R. Civ. P. 19(a).

Here, joinder of the LLC would not destroy diversity jurisdiction because no member of the LLC is a citizen of Delaware, where Beazer is incorporated. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC's citizenship is determined by the citizenship of its members). Therefore, joinder is "feasible" under Rule 19, and dismissal is inappropriate. *See Cunningham*, 751 F. Supp. at 896-97.

Compulsory joinder of the LLC is also inappropriate. The LLC is not a "necessary" party within the meaning of Rule 19. Under Rule 19(a), the LLC is a necessary party and must be joined if (1) the court cannot grant complete relief among the existing parties or (2) the LLC claims an interest relating to the subject of the litigation. Fed. R. Civ. P. 19(a). If the LLC claims an interest in the litigation, it is necessary to the action only if disposition of the action without it would (1) impair or impede its ability to protect its interest or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest. Fed. R. Civ. P. 19(a)(B).

Here, the LLC performed no business for Beazer; it therefore has no interest in this litigation. Nonetheless, even if the LLC had a legally protected interest in this action, if Webster can adequately represent the LLC's interest, then the LLC is not a necessary party under Rule 19(a)(1)(B). *See Shermoen v. United States,* 982 F.2d 1312, 1318 (9th Cir. 1992) ("[I]mpairment may be minimized if the absent party is adequately represented in the suit. . . ."). The court considers the following factors in determining whether an existing party may adequately represent the interests of an absent party: (1) the present party will undoubtedly make all of the absent party's arguments; (2) the present party is capable and willing to make the absent party's arguments; and (3) the absent party would not offer any necessary elements that the present parties would neglect. *Id.*

//

4

The court finds that even if the LLC had an interest in this action, Webster would adequately represent its interest. Any arguments the LLC might advance would be the same arguments advanced by the sole proprietorship (whose legal existence is indistinguishable from Webster). Webster is thus necessarily capable and willing to make the LLC's arguments. Furthermore, Beazer has provided no reason to think that the LLC can offer "necessary elements" that the present parties would neglect. Finally, since the LLC has no legally protected interest in this action, the court finds that Beazer is not at risk of double or inconsistent judgments. Thus, the LLC is not a necessary party, and even if it were, compulsory joinder would not be warranted.

### B. Summary Judgment on the Statute of Limitations, Breach, and Damages

#### 1. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

5

*School District No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### 2. Statute of Limitations

Section 11.190 of the Nevada Revised Statutes provides a six-year statute of limitations for an action "upon a contract . . . founded upon an instrument in writing," while it provides a four-year limitation period for an action "upon a contract . . . not founded upon an instrument in writing." Beazer argues that since Webster's invoices are for extra or non-contractual work, these invoices are not part of a contract "founded upon an instrument in writing," and therefore the four-year period of limitations applies. Beazer then contends that if the four-year limitation period applies, Webster's claims are time-barred.

The court disagrees. In *El Ranco, Inc. v. New York Meat and Provision Co.*, the Nevada Supreme Court interpreted the phrase "founded upon an instrument in writing." 493 P.2d 1318 (1972). The Court first noted that "the statute is not limited to actions upon 'contracts in writing,' but relates to any obligation or liability *founded* upon an instrument in writing." *Id*. at 1320 (emphasis added). The Court then observed that an action is "founded upon an instrument in writing" if the writing "fairly imports the obligation to pay." *Id*. at 1322.

Here, the contracts between Beazer and Webster "fairly import the obligation to pay" Webster's invoices. These contracts contemplate payment for the type of "extra and/or non-contract work" performed by Webster. (*See, e.g.*, Beazer's MSJ #32, Ex. B at WEB0052.) For example, the

6

provision identifying the procedures for getting paid for extra work appears in each contract, and it specifically directs the subcontractor to "submit [an invoice] to Beazer for payment." (*Id*.) The reference to "payment" imports Beazer's obligation to pay its subcontractor's invoices even when these invoices memorialize non-contractual work. Therefore, Webster's invoices are "founded upon an instrument in writing" for the purposes of Nevada's six-year statute of limitations.

In addition, the invoices by themselves constitute writings for the purposes of NRS § 11.190. In *El Ranco*, for instance, the Nevada Supreme Court confronted a situation in which a restaurant placed an oral order for meat and the meat company issued signed receipts to the restaurant. 493 P.2d at 1319. The Court held that the receipts issued and signed by the party seeking enforcement constituted "instruments in writing" for the purposes of section 11.910. *Id*. at 1321. Webster's invoices are functionally identical to these receipts. Accordingly, Webster's action is not time-barred.

### 3.   Evidence of Breach and Damages

Beazer objects to Webster's evidence of breach and damages. Such evidence is essential to all three of Webster's claims.[3] Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Therefore, Rule 56(c)(2) focuses on the admissibility of the evidence's *content*, not its form. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

Beazer first claims that Webster's evidence of breach is insufficient to establish a genuine issue of fact. Webster has alleged that her invoices were not paid. (*See, e.g.*, Beazer's MSJ #35, Ex.

---

[3] The breach of contract claim requires Webster to carry the burden on the elements of defendant's breach and plaintiff's consequent damages. *See Richardson v. Jones*, 1 Nev. 405, 408 (1865). The claim for breach of the implied covenant of good faith and fair dealing likewise requires evidence of damages (but not breach). *See Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 922 (Nev. 1991). And the unjust enrichment claim requires Webster to prove that Beazer was unjustly enriched by some amount–here, by an amount equivalent to Webster's damages. *Certified Fire Protection Inc. v. Precision Construction*, 283 P.3d 250, 257 (Nev. 2012).

7

A, p. 2:6-12.) Beazer does not claim these invoices were paid; rather, Beazer claims that Webster cannot produce further evidence of Beazer's nonpayment. Webster has created a genuine issue of fact as to breach by declaring, under penalty of perjury, that she has not been paid for the services memorialized in her invoices. In the absence of contrary evidence, Beazer is not entitled to summary judgment on the issue of breach. Fed. R. Civ. P. 56(c).

Second, Beazer contends that there is no genuine issue of fact with respect to the element of damages because Webster cannot verify with admissible evidence the method by which she calculated her invoice amounts. However, since Webster's method of calculation relies on documents that Beazer itself produced, Webster may adduce the content of these documents through the questioning of Beazer employees at trial. That is, the content of Webster's calculation method is admissible.[4] Therefore, her invoices create a genuine issue of fact with respect to the issue of damages.

### 4. The Effect of Webster's Bankruptcy

Finally, Beazer asserts that it may not be responsible for consequential damages stemming from a cancelled check since these damages–in the form of Webster's increased debt–were discharged in Webster's personal bankruptcy. Beazer has provided no authority for the novel proposition that bankruptcy eliminates the debtor's ability to collect on debts owed to her. While Webster's creditors may not be able to collect debts from Webster, Webster herself is free to collect debts owed her. Therefore, Webster's bankruptcy does not affect her ability to collect from Beazer.

## III. Conclusion

For the foregoing reasons, Beazer's motions fail. Webster's countermotions for attorney's fees and costs were not properly filed with the court. Pursuant to Local Rule 7-2, these countermotions are denied.

---

[4] Even if the method itself were not admissible, disputes over the amount of damages are for the fact-finder to resolve. *See, e.g.*, Restatement (Second) of Contracts § 347 (1981).

1    IT IS THEREFORE ORDERED that Beazer's Motion to Dismiss (#31) is DENIED.

2    IT IS FURTHER ORDERED that Beazer's Motion for Summary Judgment (#32) is
3 DENIED.

4    IT IS FURTHER ORDERED that Beazer's Motion for Summary Judgment (#35) is
5 DENIED.

6    IT IS FURTHER ORDERED that Webster's Countermotions for Attorney's Fees and Costs
7 (#36,[5] 38, 40) are DENIED.

8    IT IS SO ORDERED.

9    DATED this 23rd day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] The court has docketed the countermotion associated with Webster's Response to the Motion to Dismiss (#36) as a separate motion (#37). For the sake of perspicuity, this separately docketed motion is DENIED.

9